# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00269-CV

### In re Seton Northwest Hospital; Karen Brinkman, Risk Manager; and
### Seton Northwest Hospital's Custodian of Records

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### M E M O R A N D U M   O P I N I O N

The relators seek mandamus relief from the trial court's order allowing real party in interest Marissa Mercer to take pre-suit depositions of Karen Brinkman, risk manager for Seton Northwest Hospital, and the Hospital's custodian of records, and to obtain copies of certain documents maintained by the Hospital.[1]  *See* Tex. R. Civ. P. 202 (providing that person may petition the court for order authorizing pre-suit deposition under certain circumstances).  Relators argue that the trial court abused its discretion in ordering the pre-suit discovery because Mercer's potential claim against the Hospital is a health care liability claim for which she has failed to file an expert report as required by the Texas Medical Liability Act.  *See* Tex. Civ. Prac. & Rem. Code § 74.351.  Because we agree that Mercer's claim is a health care liability claim, and the Act prohibits discovery on such claims until after an expert report is filed, we will conditionally grant the requested mandamus relief.

---

[1] Upon relator's emergency motion, we temporarily stayed the trial court's order.  *See* Tex. R. App. P. 52.10.

## BACKGROUND

Mercer filed a petition under Rule 202, seeking to obtain pre-suit discovery in order to "investigate a potential claim against Seton Northwest Hospital" stemming from an incident that occurred while Mercer was in the Hospital's care. According to Mercer, she was in the midst of being transported from the intensive-care unit to her regular room, awaking from medication or anesthesia, when she observed a housekeeper expose himself and masturbate in front of her.

In her petition, Mercer sought to take the oral depositions of Brinkman, the Hospital's risk manager, along with the Hospital's custodian of records. Mercer also requested that the deponents produce the following documents at their depositions:

a.    Any and all internal accident/safety reports;

b.    Any and all witness statements regarding the incident in question;

c.    Any and all risk management files regarding the incident in question;

d.    Complete employee file for Christopher Wayne Cook;

e.    Seton Northwest Hospital's Policies and Procedures regarding hiring; and

f.    Seton Northwest Hospital's Policies and Procedure regarding housekeeping.

The relators objected to the pre-suit discovery, and the trial court subsequently held a hearing on the matter. Following the hearing, the trial court granted Mercer's petition for pre-suit discovery and ordered that Brinkman and the custodian of records appear for their oral depositions and that they produce all the requested documents. The relators filed this petition seeking mandamus relief.

## STANDARD OF REVIEW

A party seeking mandamus relief must establish that (1) the trial court clearly abused its discretion and (2) there is no adequate remedy by appeal. *See In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). An order for a pre-suit deposition from someone against whom suit is anticipated, as in this case, is considered ancillary to the subsequent suit, and thus is neither final nor appealable. *In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008) (orig. proceeding). As a result, an improper order under Rule 202 cannot be cured on appeal, and mandamus relief is proper when it is shown that the trial court abused its discretion. *Id*.

An abuse of discretion occurs when the trial court's decision is so arbitrary and capricious that it amounts to clear error. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A trial court has no discretion in determining what the law is or applying the law to the facts of the case, even if the law is somewhat unsettled. *In re Jorden*, 249 S.W.3d at 424.

## BACKGROUND LAW

Rule 202 of the Texas Rules of Civil Procedure generally permits a party to petition a trial court for an order authorizing the taking of depositions before a suit is filed in order "to investigate a potential claim or suit." Tex. R. Civ. P. 202.1(b). The trial court must grant the petition if it finds that the likely benefit of allowing the petitioner to take the requested depositions outweighs the burden and expense of the procedure. *Id*. R. 202.4(a)(2).

Under Chapter 74 of the Texas Civil Practices and Remedies Code, the Texas Medical Liability Act, a plaintiff asserting a health care liability claim must, as a threshold matter, serve an expert report on the defendant within 120 days of the date the defendant's original answer

3

is filed.  Tex. Civ. Prac. & Rem. Code § 74.351(a).  Section 74.351(s) of the Act strictly limits discovery in suits on health care liability claims until the plaintiff has complied with the Act's expert-report requirement.[2]  *Id*. § 74.351(s).  Further, the Act expressly provides that it is intended to override any conflicting laws or rules of procedure.  *Id*. § 74.002(a) ("In the event of a conflict between this chapter and another law, including a rule of procedure or evidence or court rule, this chapter controls to the extent of a conflict.").  Consequently, the Texas Supreme Court has held that to the extent a pre-suit deposition under Rule 202 is intended to investigate a potential health care liability claim, it is subject to the Act's limitation on discovery and is not allowed.  *In re Jorden*, 249 S.W.3d at 419.

---

[2]  Section 74.351(s) provides the following:

> Until a claimant has served the expert report and curriculum vitae as required by Subsection (a), all discovery in a health care liability claim is stayed except for the acquisition by the claimant of information, including medical or hospital records or other documents or tangible things, related to the patient's health care through:
>
> (1)  written discovery as defined in Rule 192.7, Texas Rules of Civil Procedure;
>
> (2)  depositions on written questions under Rule 200, Texas Rules of Civil Procedure; and
>
> (3)  discovery from nonparties under Rule 205, Texas Rules of Civil Procedure.

Tex. Civ. Prac. & Rem. Code § 74.351(s).

## ANALYSIS

In this proceeding, the relators argue that the trial court abused its discretion in ordering the depositions of the hospital employees because Mercer's potential claim against the Hospital is a health care liability claim under the Texas Medical Liability Act, Mercer has failed to file an expert report, and, as a result, the depositions are barred by Section 74.351. In response, Mercer does not contend that she has, in fact, served an expert report on the Relators. Instead, Mercer argues that because her potential claim is not a health care liability claim, no expert report is required, and the Act's limitation on discovery does not apply.

The Texas Medical Liability Act defines a health care liability claim as:

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

Tex. Civ. Prac. & Rem. Code § 74.001(a)(13). A cause of action alleges a departure from standards of health care if the act or omission complained of is an inseparable part of the rendition of medical services. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 848 (Tex. 2005). Whether a cause of action is a health care liability claim is a question of law that we review de novo. *Drewery v. Adventist Health Sys./Tex., Inc.*, 344 S.W.3d 498, 502 (Tex. App.—Austin 2011, pet. denied). In making this determination, we examine the underlying nature of the cause of action rather than the manner in which it is pleaded. *Yamada v. Friend*, 335 S.W.3d 192, 197 (Tex. 2010); *Cardwell v. McDonald*, 356 S.W.3d 646, 655 (Tex. App.—Austin 2011, no pet.).

5

In *Diversicare*, the Texas Supreme Court addressed the question of whether a patient's suit against a nursing home arising from her sexual assault by another patient was a health care liability claim. 185 S.W.3d at 845. Specifically, Rubio alleged that the nursing home was negligent in failing to provide sufficient staff and supervision to prevent the assault. *Id*. The supreme court explained that Rubio's claim was a health care liability claim—as opposed to a general premises liability claim—not simply because the landowner was a health care provider, but because the supervision, monitoring, and protection of Rubio were inseparable from the health care and nursing services provided to her. *Id*. In addition, the court pointed out that "it is not within the common knowledge of the general public to determine the ability of patients in weakened conditions to protect themselves, nor whether a potential target of an attack in a health care facility should be better protected and by what means." *Id*. at 851. Consequently, the court held that Rubio's causes of action were claims for breaches of the standards of care for a health care provider. *Id*.

In this case, Mercer's potential complaint against the Hospital centers around the Hospital's failure to protect its patients through proper hiring, supervision, and training. As in *Diversicare*, the supervision, monitoring, and protection of Mercer, as she awoke from anesthesia while being transported to her room, are inseparable from the health care provided to her. *See Holguin v. Laredo Reg'l Med. Ctr., L.P.*, 256 S.W.3d 349, 354-55 (Tex. App.—San Antonio 2008, no pet.) (claim against hospital for alleged sexual assault by nurse was health care liability claim); *NCED Mental Health, Inc. v. Kidd*, 214 S.W.3d 28, 31 (Tex. App.—El Paso 2006, no pet.) (claim against mental health treatment facility arising from employee's sexual assault of mental health patient was health care liability claim); *see also In re Kiberu*, No. 02-07-312-CV, 2008 WL 4602070,

6

at *2-3 (Tex. App.—Fort Worth 2008, orig. proceeding) (mem. op.) (potential claim against hospital arising from employee's assault on patient during exam was health care liability claim and, consequently, trial court abused its discretion in ordering Rule 202 depositions). Consequently, we conclude that Mercer's potential claim against the Hospital is a health care liability claim under the Act.

Mercer argues that her claim is not a health care liability claim because it "is based on safety standards that have no substantive relationship to the hospital's providing of health care." In support of this argument, Mercer relies on the Texas Supreme Court's recent decision in *Ross v. St. Luke's Episcopal Hospital*, No. 13-0439, 2015 WL 2009744 (Tex. May 1, 2015). In that case, the court considered whether a hospital visitor's suit against the hospital, arising from the visitor's slip and fall near lobby exit doors, was properly characterized as a health care liability claim based on the hospital's alleged departure from safety standards. *Id*. at *2. In determining that it was not, the supreme court clarified that, although a claim based on departure from safety standards "need not be directly related to the provision of health care" in order to qualify as a health care liability claim, *see Texas W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 186 (Tex. 2012), "there must be a substantive nexus between the safety standards allegedly violated and the provision of health care." *Ross*, 2015 WL 2009744, at *6. "The pivotal issue in a safety standards-based claim is whether the standards on which the claim is based implicate the defendant's duties as a health care provider, including its duties to provide for patient safety." *Id*. The court concluded that the visitor's claim was not a health care liability claim because it was based on safety standards that lacked any substantive nexus to the hospital's providing of health care. *Id*.

7

We disagree that *Ross* is controlling in this case. As the supreme court pointed out in *Ross*, a complaint such as that presented in *Diversicare*—that a health care provider has failed to implement adequate policies to protect patients—is a claim that is *directly* related to the provision of health care. *Id*. at \*4 (emphasis added). The essence of Mercer's potential complaint against the Hospital is that it was negligent in failing to provide for her protection as a patient in its care. Mercer's claim is wholly different from the visitor's slip-and-fall claim presented in *Ross*, and under the supreme court's holding in *Diversicare*, Mercer's claim is sufficiently related to the provision of health care.

## CONCLUSION

Because the underlying nature of Mercer's potential claim against the Hospital is a health care liability claim under the Texas Medical Liability Act, she was required to file an expert report before she could petition for pre-suit discovery. *See* Tex. Civ. Prac. & Rem. Code § 74.351(s); *see also* Tex. R. Civ. P. 202; *In re Jorden*, 249 S.W.3d at 424. Accordingly, the trial court abused its discretion by ordering that Brinkman and the Hospital's custodian of records appear for pre-suit depositions under Rule 202. We conditionally grant the writ of mandamus and order the trial court to vacate its order requiring the taking of deposition and the production of documents. The writ will issue only if the trial court fails to comply.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Filed:  July 10, 2015

8